**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **C&J HOME SERVICES, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**TRUE MOVER LLC,**<br><br>*Defendant.* | **Case No. 26-CV-3148** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Plaintiff C&J Home Services, LLC ("C&J" or "Plaintiff"), doing business as "Pocket Movers," brings this action against Defendant True Mover LLC ("True Mover" or "Defendant") for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*. Defendant, a competing moving services company, acquired the domain name "pocketmovers.com" and used it to redirect Internet users to Defendant's own commercial website for moving services, thereby trading on the goodwill of Plaintiff's federally registered POCKET MOVERS trademark and causing a likelihood of consumer confusion.

**THE PARTIES**

2. Plaintiff C&J Home Services, LLC is an Ohio limited liability company doing business as "Pocket Movers." Plaintiff's principal place of business is in Ohio. Plaintiff operates a moving and junk removal services business under the POCKET MOVERS mark and maintains its primary website at pocket-movers.com.

3. Defendant True Mover LLC is a Virginia limited liability company. Defendant's principal office address is 11786 Indian Ridge Road, Reston, Virginia 20191, and its business

address is 21531 Blackwood Court, Suite 100, Sterling, Virginia 20166. Defendant's registered agent is Registered Agents Inc., located at 8401 Mayland Drive, Suite S, Henrico, Virginia 23294. Defendant operates a moving services business under the name "True Mover" at the website thetruemover.com.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (trademarks and unfair competition) because Plaintiff's claims arise under the Trademark Act of 1946 (the Lanham Act), 15 U.S.C. § 1051 *et seq*.

5. This Court has personal jurisdiction over Defendant because Defendant is a Virginia limited liability company with its principal office located in Reston, Virginia, and its business office located in Sterling, Virginia, both of which are within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district. Specifically, Defendant's principal office in Reston (Fairfax County) and its business office in Sterling (Loudoun County) are both located within the Alexandria Division of the Eastern District of Virginia.

**FACTUAL ALLEGATIONS**

*Plaintiff's POCKET MOVERS Marks*

7. Plaintiff has used the POCKET MOVERS word mark in interstate commerce in connection with moving company services, junk and trash removal, and dumpster rental services since at least as early as February 2023.

8. On November 11, 2025, Plaintiff filed an application with the United States Patent and Trademark Office ("USPTO") to register the POCKET MOVERS word mark in standard characters.

9. On June 16, 2026, the USPTO issued U.S. Trademark Registration No. 8,302,682 to Plaintiff for the POCKET MOVERS word mark in standard characters on the Principal Register for services in International Class 39, specifically: "Moving company services; Junk, trash and debris removal; Trash services, namely, rental of dumpsters."

10. On November 11, 2025, Plaintiff filed an application with the USPTO to register the POCKET MOVERS design mark, shown below:

11. On August 18, 2026, the USPTO issued U.S. Trademark Registration No. 8,398,819 to Plaintiff for the POCKET MOVERS design mark on the Principal Register for services in International Class 39, specifically: "Moving company services; Junk, trash and debris removal; Trash services, namely, rental of dumpsters."

12. Plaintiff's federal registrations constitute prima facie evidence of the validity of the marks, Plaintiff's ownership of the marks, and Plaintiff's exclusive right to use the marks in commerce in connection with the registered services. 15 U.S.C. § 1057(b).

13. Plaintiff's federal registrations also constitute constructive notice of Plaintiff's claims of ownership of the marks. 15 U.S.C. § 1072.

14. Plaintiff has invested substantial time, effort, and resources in developing and promoting its POCKET MOVERS marks and has built valuable goodwill in the mark among consumers of moving and related services.

*Defendant's Infringing Conduct*

15. The domain name pocketmovers.com was originally registered in or about 2020. Defendant True Mover LLC either was the original owner or acquired or obtained control of the domain at later date. According to publicly available registration information that can be accessed through what is known as a "WHOIS" Internet protocol search, the pocketmovers.com domain name is registered through the use of a privacy service.

16. Defendant has acknowledged its current ownership of the domain in correspondence with counsel for Plaintiff.

17. After acquiring or obtaining control of the domain, Defendant configured pocketmovers.com to redirect Internet users to Defendant's own commercial website, thetruemover.com, where Defendant advertises and offers moving services identical to the services covered by Plaintiff's trademark registration. Defendant has acknowledged the redirect to thetruemover.com in written correspondence.

18. Defendant first made the redirect active in or around 2025, after Plaintiff commenced use of the POCKET MOVERS word mark in February 2023 and used the redirect

continuously thereafter, including after Plaintiff's registration for the POCKET MOVERS word mark issued in June 2026.

19. Defendant's use of the domain name pocketmovers.com—which is identical to Plaintiff's registered POCKET MOVERS word mark—to redirect consumers to Defendant's competing moving services website constitutes use of Plaintiff's marks in commerce in connection with moving services.

20. Defendant's website redirect is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or endorsement of Defendant's services.

21. Defendant provides moving services—the same services for which Plaintiff's mark is registered—and the redirect operated to divert any consumers searching for Plaintiff's POCKET MOVERS services to Defendant's competing business.

*Demand and Defendant's Response*

22. Plaintiff sent correspondence to Defendant demanding that Defendant cease infringing Plaintiff's POCKET MOVERS mark, including by using the pocketmovers.com domain to redirect traffic, and transfer the domain to Plaintiff.

23. Defendant has disabled the redirect for now, but Defendant has refused to transfer the pocketmovers.com domain to Plaintiff and has not otherwise resolved Plaintiff's claims or relinquished the domain.

24. Defendant continues to own and control the pocketmovers.com domain, and nothing prevents Defendant from re-enabling the redirect to its competing website at any time.

25. Because the pocketmovers.com domain is identical to Plaintiff's registered mark and Defendant operates a competing moving services business, Defendant's continued ownership of the domain poses a continuing threat of trademark infringement.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

26. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

27. Plaintiff is the owner of U.S. Trademark Registration Nos. 8,302,682 and 8,398,819 for the POCKET MOVERS word and design marks, which are valid and subsisting and registered on the Principal Register.

28. Without Plaintiff's consent, Defendant used in commerce a reproduction or copy of Plaintiff's registered marks, or a colorable imitation thereof, in connection with the sale, offering for sale, or advertising of moving services—goods or services for which Plaintiff's mark is registered—by configuring the domain name pocketmovers.com to redirect Internet users to Defendant's competing moving services website.

29. Defendant's use of the pocketmovers.com domain name in connection with its moving services was and is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source, origin, sponsorship, or approval of Defendant's services, or as to Defendant's affiliation, connection, or association with Plaintiff.

30. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. On information and belief, Defendant's acts of infringement have been willful and deliberate based on, among other things, Defendant's decision to acquire a domain matching a

competitor's distinctive name when Defendant operates publicly under a different name, the timing of Defendant's enablement of the website redirect, and Defendant's refusal to relinquish the domain to Plaintiff.

32. Plaintiff has been damaged by Defendant's infringing conduct and will continue to be irreparably harmed unless Defendant is enjoined by this Court.

**COUNT II**
**UNFAIR COMPETITION / FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

33. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

34. Defendant's use of the domain name pocketmovers.com to redirect consumers to its competing moving services website constitutes the use in commerce of a word, term, name, or symbol (or a false designation of origin or false or misleading description or representation of fact) that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff.

35. Defendant's acts constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. On information and belief, Defendant's acts have been willful and deliberate based on, among other things, Defendant's decision to acquire a domain matching a competitor's distinctive name when Defendant operates publicly under a different name, the timing of Defendant's enablement of the website redirect, and Defendant's refusal to relinquish the domain to Plaintiff.

37. Plaintiff has been damaged by Defendant's conduct and will continue to be irreparably harmed unless Defendant is enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant and grant the following relief:

(a) a permanent injunction prohibiting Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert or participation with Defendant from using the POCKET MOVERS mark or any confusingly similar mark in connection with moving services or any related services;

(b) an order requiring Defendant to transfer the domain name pocketmovers.com to Plaintiff, or in the alternative, an order canceling the domain name registration, pursuant to 15 U.S.C. § 1116(a);

(c) an award of Defendant's profits attributable to its infringing conduct pursuant to 15 U.S.C. § 1117(a);

(d) an award of Plaintiff's actual damages caused by Defendant's infringing conduct pursuant to 15 U.S.C. § 1117(a);

(e) an award of enhanced or treble damages pursuant to 15 U.S.C. § 1117(a);

(f) a finding that this is an exceptional case and an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

(g) an award of Plaintiff's costs of suit; and

(h) such other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 23, 2026

Respectfully submitted,

*<u>/s/ Murad Hussain</u>*
Murad Hussain (VSB No. 96830)
ARNALL GOLDEN GREGORY LLP
2100 Pennsylvania Avenue, N.W., Suite 350S
Washington, DC 20037
(202) 677-4908
Murad.Hussain@agg.com

Tucker Barr (*pro hac vice* application forthcoming)
Avery Carter (*pro hac vice* application forthcoming)
ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
(404) 873-8624
Tucker.Barr@agg.com

*Attorneys for Plaintiff*
*C&J Home Services, LLC*